1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LANITA M. PHILLIPS,<br><br>            Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>            Defendant. | CASE NO. 14-cv-05259 RBL JRC<br><br>REPORT AND RECOMMENDATION ON STIPULATED MOTION FOR REMAND |

This matter has been referred to Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261 (1976). This matter is before the Court on defendant's stipulated motion to remand the matter to the administration for further consideration. (ECF No. 25.)

After reviewing defendant's stipulated motion and the relevant record, the undersigned recommends that the Court grant defendant's motion, and reverse and remand this matter to the

REPORT AND RECOMMENDATION ON
STIPULATED MOTION FOR REMAND - 1

Acting Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Report and Recommendation.

On remand, based on the parties' stipulation, this Court recommends that an administrative law judge ("ALJ") update the record, hold a *de novo* hearing, and issue a new decision.

The ALJ assigned little weight to the examining medical opinion from Nicole Seymanski, Psy.D., because it appeared to be based in significant part on Plaintiff's self-reported symptoms, about which there were credibility concerns (Tr. 44). However, Dr. Seymanski noted that Plaintiff was difficult to believe and relied only on some of Plaintiff's reports (Tr. 606). Dr. Seymanski noted findings on examination and testing that support the GAF score of 43 and the medical source statement that Plaintiff's significant mental health issues would likely limit her ability to engage in work training or related activities (Tr. 605-06).

The ALJ did not provide germane reasons for rejecting the non-medical source opinion from Plaintiff's counselor, Dee Ann Charles, MA, MHP (Tr. 45). Ms. Charles assessed Plaintiff with marked and moderate limitations in social and occupational functioning (Tr. 342). The ALJ indicated that Ms. Charles's treatment notes were inconsistent and indicated improved concentration (Tr. 45). However, Ms. Charles provided findings and limitations, test scores, and consistent treatment notes in support of her opinion (Tr. 341-345, 392-344, 657-749).

The ALJ decision also did not provide germane reasons for rejecting the non-medical source opinion from Celia Thurman, MA (Tr. 45). Ms. Thurman assessed that Plaintiff would be off task 30% of the time in performing within a schedule and maintaining regular attendance as well as in her ability to maintain appropriate behavior (Tr. 613-614). The ALJ rejected this opinion because Ms. Thurman was not an acceptable source and no other physician gave similar

limitations (Tr. 45). However, Dr. Seymanski's opinion and Ms. Charles's assessment appear to support Ms. Thurman's assessment (Tr. 342, 606).

On remand the ALJ shall: (1) update the treatment evidence on Plaintiff's medical condition; (2) evaluate expressly the examining medical source opinion and non-medical source opinions cited above and explain the reasons for the weight he gives to this opinion evidence; (3) evaluate further the impact of Plaintiff's obesity pursuant to Social Security Ruling 02-1p, specifically how the cumulative effect of chronic sleep deprivation would exacerbate depression and fatigue, and would impair the ability to sustain basic work activity; (4) consider further Plaintiff's residual functional capacity on the updated record, citing specific evidence in support of the assessed limitations; and (5) as appropriate, secure supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on Plaintiff's occupational base.

The parties have stipulated that Plaintiff will be entitled to reasonable attorney's fees and costs pursuant to 28 U.S.C. § 2412(d), following proper request to this Court.

Given the facts and the parties' stipulation, the Court recommends that the District Judge immediately approve this Report and Recommendation and order the case be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Report and Recommendation.

Dated this 1st day of October, 2014.

J. Richard Creatura
United States Magistrate Judge